## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50141 | **DATE** | July 24, 2008 |
| **CASE TITLE** | Karen Y. Schaap (R-75713) vs. Sigler, et al. | | |

**DOCKET ENTRY TEXT**

Petitioner's motion for leave to proceed *in forma pauperis* [3] is denied. Petitioner is granted thirty days in which to: (1) pay the $5.00 statutory filing fee and (2) show good cause in writing why her petition should not be dismissed as untimely. Failure of Petitioner to comply with this order within thirty days will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■[ For further details see text below.]

Docketing to mail notices.

### STATEMENT

Karen Y. Schapp, a state prisoner, has filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner challenges her conviction for arson on the grounds that she did not "knowingly and intelligently" plead guilty and she was not aware that she would have to serve eighty-five percent of her sentence.

Petitioner's motion for leave to file *in forma pauperis* is denied for lack of a sufficient showing of indigence. Petitioner's financial affidavit reveals that she has a current balance of $85.49 in her prison trust fund account. Because Petitioner is a prisoner for whom the state provides the necessities of life, such assets do not qualify her for pauper status. *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). Petitioner is financially able to pay the $5.00 filing fee and must do so if she wishes to proceed with this action. She may pay by check or money order made payable to Clerk, United States District Court. If Petitioner does not pay the filing fee within 30 days of the date of this order, the Court shall enter judgment dismissing this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

As an additional concern, it appears that the petition is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for

**STATEMENT**

State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

In this case, Petitioner was convicted on February 3, 2004. Petitioner did not appeal her conviction; therefore, the statute of limitations began to run on March 3, 2004, thirty days after the time for Petitioner to file her appeal for direct review. *See* Ill. S. Ct. R. 606. Petitioner did not file her post-conviction petition in state court until January 26, 2006, more than one year after the statute of limitations began to run. Since the federal habeas petition was filed on July 14, 2008, the one-year statute of limitations would appear to bar this case. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (the § 2244(d) statute of limitation applies to all habeas corpus petitions filed after April 23, 1997). While § 2244(d)(1) provides several specific exceptions to this rule, none appear to apply to this case. Accordingly, the Court gives Petitioner thirty days in which to show cause why this action should not be dismissed as untimely.

For the foregoing reasons, Petitioner is granted thirty days in which to: (1) pay the $5.00 statutory filing fee and (2) show good cause in writing why the habeas petition should not be dismissed as untimely. Failure of Petitioner to comply with this order within thirty days will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases.